**Francis MATHEW, Plaintiff–Appellant,**

v.

**NORTH SHORE–LONG ISLAND JEW-
ISH HEALTH SYSTEM, INC., Andreas
Nicou, Defendants–Appellees.\***

No. 13–4492.

United States Court of Appeals,
Second Circuit.

Nov. 13, 2014.

\* The Clerk is directed to amend the caption as

David Zevin, (Sang J. Sim, on the brief),
New York, NY, for Plaintiff–Appellant.

Peter D. Stergios, (M. Christopher
Moon, on the brief) New York, NY, for
Defendants–Appellees.

Present: ROBERT A. KATZMANN,
Chief Judge, PETER W. HALL, DEBRA
ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

We review orders granting summary
judgment *de novo* and focus on whether
the district court properly concluded that
there was no genuine dispute as to any
material fact and that the moving party
was entitled to judgment as a matter of
law. *See Miller v. Wolpoff & Abramson,
LLP,* 321 F.3d 292, 300 (2d Cir.2003).
Summary judgment is appropriate
"[w]here the record taken as a whole could
not lead a rational trier of fact to find for
the non-moving party." *Matsushita Elec.
Indus. Co. v. Zenith Radio Corp.,* 475 U.S.
574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538
(1986). We are required to resolve all
ambiguities and draw all inferences in fa-
vor of the nonmovant. *See Nationwide
Life Ins. Co. v. Bankers Leasing Assoc.,*
182 F.3d 157, 160 (2d Cir.1999).

We begin with Mathew's claim that Ap-
pellees retaliated against him for his exer-
cise of rights under the FMLA. FMLA
retaliation claims are evaluated within the
*McDonnell Douglas* burden-shifting

set forth above.

framework. *Potenza v. City of New York,* 365 F.3d 165, 168 (2d Cir.2004). Applying this framework, we find that even assuming Mathew set forth a prima facie case of retaliation, he has not provided any evidence that the Appellees' justification for firing him was pretextual. First, although Mathew contends that he did not falsify time records, "we are decidedly not interested in the truth of the allegations against plaintiff" when evaluating pretext. *McPherson v. N.Y.C. Dep't of Educ.,* 457 F.3d 211, 216 (2d Cir.2006). Instead, "[w]e are interested in what *motivated* the employer." *Id.* (internal quotation omitted). Here, Mathew concedes that at his December 5 and December 8, 2008 meetings with Nicou, he admitted to submitting inaccurate time records. Even if this admission was inaccurate or incomplete, it provided the Appellees with a sound basis to conclude that Mathew had stolen time, and thus undercuts any inference that Mathew's termination was motivated by his hernia.

Second, Mathew asserts that, even if he did misrecord his time, the Appellees selectively enforced their timekeeping policies against him because of his hernia. To establish pretext based on selective enforcement, Mathew must show that he was treated differently than other "similarly situated" employees. *See Henry v. Daytop Vill., Inc.,* 42 F.3d 89, 96–97 (2d Cir. 1994) (analyzing a selective enforcement claim in the Title VII context). Here, Mathew has not identified any other similarly situated employees—that is, employees who admitted submitting erroneous timesheets—much less shown that they were treated more leniently than he was. Accordingly, because we conclude that Mathew has not provided any evidence showing that the Appellees' rationale for terminating him was pretextual, we affirm the district court's grant of summary judgment on this claim.

We affirm the remainder of the district court's order for substantially the same reasons. Turning to Mathew's claim for interference with his FMLA rights, to prevail on this claim Mathew must show that the Appellees "considered his FMLA leave and request to return a negative factor in [their] decision to terminate him." *Sista v. CDC Ixis N. Am., Inc.,* 445 F.3d 161, 176 (2d Cir.2006). Because Mathew has not introduced any evidence that the Appellees fired him for any reason other than his erroneous timesheets, he has not shown that the Appellees considered his hernia "a negative factor in [their] decision to terminate him." *Id.* The district court correctly granted summary judgment on this claim.

Similarly, Mathew's claims for age and disability discrimination under the NYSHRL are evaluated under the same *McDonnell Douglas* framework as FMLA retaliation claims. *See Weinstock v. Columbia Univ.,* 224 F.3d 33, 42 n. 1 (2d Cir.2000). Accordingly, because Mathew has not established evidence of pretext, his NYSHRL claims fail as well.

Finally, to succeed on his NYCHRL age and disability discrimination claims, Mathew much show that he "has been treated less well at least in part *'because of'* " either his hernia or his age. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,* 715 F.3d 102, 110 (2d Cir.2013) (quoting *Williams v. N.Y.C. Hous. Auth.,* 61 A.D.3d 62, 872 N.Y.S.2d 27, 39 (2009)) (emphasis in original). Again, however, Mathew has not proffered evidence that the Appellees terminated him "because of" any reason other than his apparently falsified timesheets. The Appellees were entitled to summary judgment on these claims.

We have considered Mathew's remaining arguments and find them to be without merit. Accordingly, for the foregoing rea-

sons, the judgment of the district court is **AFFIRMED.**